JS-6

Submitted by:

Jeremy E. Shulman (#257582)
 jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 S. Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Tel: (626) 535-1900; Fax: (626) 577-7764

Attorneys for Defendant,
WACHOVIA MORTGAGE, a division
of WELLS FARGO BANK, N.A.,
formerly known as WACHOVIA
MORTGAGE, FSB

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| NAHID BIRJANDI, | Case No. CV10-3223 R (PJWx) |
|---|---|
| Plaintiff, | [Assigned to the Manuel L. Real] |
| vs. | **ORDER GRANTING DEFENDANT WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.'S MOTION TO DISMISS COMPLAINT** |
| WACHOVIA MORTGAGE, FSB; HOME LOAN CONSULTANTS, INC.; YVONNE BALLI; and DOES 1 THROUGH 50, INCLUSIVE, | |
| Defendants. | [FRCP Rule 12(b)(6)] |
| | DATE: October 4, 2010<br>TIME: 10:00 a.m.<br>CTRM: 8 |

    The motion of defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB ("Wachovia") to dismiss plaintiff's complaint came on regularly for hearing before the Honorable Manuel L. Real, on October 4, 2010. Roland Colton from the law office of Ronald C. Colton

appeared on behalf of Plaintiff Nahid Birjandi. Jeremy Shulman from the law firm of Anglin, Flewelling, Rasmussen, Campbell & Trytten, LLP appeared on behalf of Wachovia.

## I. SUMMARY OF THE RULING

The Court, having read and considered the motion, the request for judicial notice, all opposition and reply papers, GRANTS, WITHOUT LEAVE TO AMEND, the motion to dismiss each of Plaintiff's eleven claims for relief. Plaintiff's claims for: 1) Fraud, 2) Constructive Fraud, 3) Breach of Contract, 4) Breach of Fiduciary Duty, 5) Unjust Enrichment, 6) Negligence, 7) Breach of Implied Covenant of Good Faith and Fair Dealing, 8) Reformation of Promissory Note, 9) Violation of Truth in Lending Act, 10) Unfair and Deceptive Business Practices, and 11) Predatory Lending are each barred by *res judicata*. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S. Ct. 715, 719 (1948); *Int'l Union v. Karr*, 994 F. 2d 1426, 1430 (9th Cir. 1993).

## II. FACTUAL BACKGROUND

### A. Plaintiff's Home Loan

Plaintiff is the owner of real property located at 59 Asilomar Road, Laguna Niguel, California, 92677 (the "Property"). (Comp. ¶1.) In January 2008, plaintiff sought to refinance the existing loan on her Property and began discussions with the broker defendants, Home Loan Consultants and Yvonne Balli, who agreed to "act as Plaintiff's loan representative" in connection with the refinance. (Comp. ¶¶11, 63.) Plaintiff claims that her loan broker promised a loan with a fixed rate of interest for the first five years and an interest rate of 5.626%. (Comp. ¶13.)

Plaintiff closed the $1,836,000 loan with Wachovia Mortgage, FSB ("Wachovia") in March 2008. (Comp. ¶¶ 12, 22.) At the closing, plaintiff claims that the Promissory Note was missing, but was e-mailed, along with the Truth In Lending Disclosure, by defendant Balli. (Comp. ¶¶14-15.) Plaintiff alleges that the e-mailed Note, which she signed, and Truth in Lending Disclosure were consistent

with her prior understanding that the loan would have an interest rate of 5.626% for the first five years. (Comp. ¶15, Exhs. B, D.)

When plaintiff received her first loan statement, she alleges that instead of 5.626%, her interest rate was 7.150%. (Comp. ¶23.) Plaintiff claims that after receiving a set of the loan documents, a copy of the signed Note was missing. (Comp. ¶28.) In November 2008, plaintiff claims that she obtained a copy of the signed Note from Wachovia, but that the Note allegedly had "an obviously forged signature." (Comp. ¶29.) Plaintiff further claims that the allegedly forged Note indicated an interest rate of 7.150% for the first three years instead of a 5.626% for the first five years. (Comp ¶¶29-30.)

  B. <u>The Dismissed State Court Action</u>

In July 2009, plaintiff filed an action against Wachovia and the broker defendants in Orange County Superior Court entitled, *Birjandi v. Wachovia Mortgage, FSB; Home Loan Consultants Inc., Yvonne Balli*, Case No. 30-2009-00287525-CU-FR-CJC (the "State Court Action"). The Court takes judicial notice of the State Court Action pleadings attached to Wachovia's request for judicial notice.

In response to the initial complaint in the State Court Action, Wachovia filed a demurrer and motion to strike. In its demurrer, Wachovia argued, among other things that all causes of action were preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq*. Wachovia further argued that judicially noticeable loan documents such as the signed loan application, truth in lending disclosure, and loan program disclosure, all refuted plaintiff's claims that the parties agreed to a lower interest rate of 5.262%. The only allegation of forgery in the initial complaint concerned the Note.

Before the hearing on the demurrer and motion to strike, plaintiff filed a first amended complaint. The first amended complaint alleged for the first time that other loan documents were forged including the signed loan application and truth in

lending disclosure that Wachovia relied upon in its first demurrer. Wachovia filed a demurer to and motion to strike portions of the first amended complaint. Wachovia again raised HOLA preemption and argued that the sham pleading doctrine barred plaintiff's newly-added forgery allegations.

The Superior Court heard Wachovia's demurrer and motion to strike in February 2010 and adopted its tentative ruling that each cause of action was preempted by HOLA. Accordingly, the court sustained the demurrer without leave to amend and entered a judgment of dismissal on March 10, 2010. Plaintiff apparently did not appeal the Superior Court's order or final judgment.

### C. The Federal Court Action

Plaintiff commenced this action in April 2010 by filing a complaint that is virtually identical to the first amended complaint from the dismissed State Court Action. Except for the jurisdictional allegations, the first eight claims are identical, including the paragraph numbers. While Plaintiff added three new claims for Violation of the Truth In Lending Act (Ninth), for Unfair Business Practices (Tenth), and for Predatory Lending (Eleventh), the substance of the claims remains the same and all claims arise out of the same transactional nucleus.

### III. ANALYSIS

Plaintiff cannot re-litigate claims that were fully and finally resolved on their merits in the State Court Action. *Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S. Ct. 715, 719 (1948). This rule bars the claims actually raised as well as any claims "upon any ground whatever" that might have been offered. If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter *res judicata* preclude re-litigating those claims. *Int'l Union v. Karr*, 994 F. 2d 1426, 1430 (9th Cir. 1993). Pursuing new legal theories does not create a new cause of action sufficient to avoid *res judicata*. *Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir. 2000), *cert. den*. 531 U.S. 904. As long as the first court had jurisdiction to hear both federal and state law claims, all theories of liability are

precluded.  *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1128 (9th Cir. 2000).

All claims brought in this action arise out of the same nucleus of facts as the State Court Action, namely the 2008 loan transaction between the parties.  The State Court had jurisdiction to hear all claims and resolved the claims by sustaining Wachovia's demurrer without leave to amend on the ground that plaintiff's claims were preempted by HOLA.  Under state law, "A demurrer is an appropriate vehicle to secure a dismissal of a state law action based on federal law preemption." *Ball v. GTE Mobilnet of California*, 81 Cal. App. 4th 529, 535 (2000).  Where, as here, a demurrer determined an issue of federal preemption, that determination is *res judicata* and bars re-litigation of the preemption determination in a subsequent suit. *Board of Trustees of Carpenters Pension Trust Fund for Northern California v. Toni Reyes*, 688 F.2d 671, 673 (9th Cir. 1982); *Erganian v. Brightman*, 13 Cal.App.2d 696, 699 (1936)(that "[a] final judgment upon an order sustaining a general demurrer constitutes res judicata as to the matters pleaded in the complaint is not open to debate.").

Based on well-established principles of *res judicata*, Plaintiff cannot re-litigate a dispute that resulted in a State Court final judgment following a demurrer that the State Court sustained without leave to amend.  Accordingly, *res judicata* bars the entirety of this action and the motion to dismiss the complaint is granted without leave to amend.

Dated:  Nov. 12, 2010

                          HON. MANUEL L. REAL
                          UNITED STATES DISTRICT JUDGE